UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK EVAN DAVID DOYLE,              )<br>                                                                )<br>                        Plaintiff,            )<br>                                                                )<br>            v.                                              )        No. 1:22-cv-01715-TWP-KMB<br>                                                                )<br>TYLER STILLABOWER,                         )<br>BARTHOLOMEW COUNTY JAIL In their   )<br>individual and official capacity,              )<br>                                                                )<br>                        Defendants.        ) | |

**Order Screening and Dismissing Amended Complaint and
Directing Entry of Final Judgment**

This matter is before the Court for screening of the Amended Complaint at Dkt. 10. Plaintiff Patrick Doyle is a pretrial detainee currently incarcerated at the Bartholomew County Jail. He filed this civil action alleging that his rights were violated when a jail staff member opened up a letter from Mr. Doyle's attorney outside of his presence. The Court screened and dismissed Mr. Doyle's original complaint for failure to state a claim and ordered him to show cause why final judgment should not issue. (Dkt. 9). Mr. Doyle has filed an Amended Complaint that is subject to screening. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint (Dkt. 10)

In the Amended Complaint, Mr. Doyle names the Bartholomew County Sheriff's Department, Officer Tyler Stillabower ("Officer Stillabower"), and Officer Michael Hatton ("Officer Hatton") as Defendants. In his original complaint, he alleged that Officer Hatton brought a letter to Mr. Doyle's cell from his defense attorney that had already been opened. The allegations in the amended complaint are largely the same:

> On August 1, 2022 Officer Hatton brought me a stamped legal letter from my defense attorney that was opened outside of my presence when jail policy requires the opposite. The process policy requires is the opening of legal mail in my presence upon distribution to me. This is a re-occurring issue thats happened numerous times and jail officials have a practice of doing so, through the jail staff's complete disregard to jail policy and to my rights. Jail staff continue to violate my right of access to the courts.

Dkt. 10 at 1 (errors in original).

Mr. Doyle seeks compensatory and punitive damages and better training for jail staff on how to handle legal mail.

## III. Dismissal of Complaint

As the Court explained in its first Screening Order, although opening legal mail outside of a pretrial detainee's presence *may* violate the detainee's Fourteenth Amendment right to access the court, however, the detainee must allege that jail officials have a practice of doing so.

*Guajardo-Palma v. Martinson*, 622 F.3d 801, 805−06 (7th Cir. 2010). "An isolated interference with the confidentiality of such communications" does not state a constitutional claim because its impact on the attorney-client relationship "is likely to be nil." *Id.* at 805. To state a constitutionally valid claim, a plaintiff must allege that the jail has a practice of opening mail from his criminal defense attorney outside his presence *and* that the practice actually affected his trial strategy. *Id.* at 806 (noting that interception of a defendant's confidential communications with his attorney is subject to harmless-error analysis).

Mr. Doyle attempts to overcome dismissal of the complaint by repeating the language from *Guajardo-Palma* in his Amended Complaint. But he does not actually provide any other concrete examples of when *his* legal mail was opened outside his presence, or how it affected his trial strategy. A Plaintiff cannot simply recite elements of a claim in his complaint to overcome dismissal. He must provide enough factual allegations from which the Court can infer that a defendant was responsible for a violation of his rights. *Iqbal*, 556 U.S. at 678.

In addition, "Individual liability under § 1983 … requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted).  Mr. Doyle does not mention Officer Stillabower in the narrative of his Amended Complaint at all, and the involvement of Officer Hatton--who is not even named as a defendant in the Amended Complaint-- is limited to the August 1, 2022 incident.

Mr. Doyle's threadbare allegations against the Bartholomew County Sheriff's Department are not enough to state a claim under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). "The critical question under *Monell* is whether a policy or custom of a municipal entity caused a constitutional deprivation." *Gonzalez v. McHenry Co., Ill.*, 40 F.4th 824, 829 (7th Cir. 2022). Mr. Doyle states that the official policy of the Sheriff's Department is to open legal mail in the

presence of inmates, but that some staff fail to follow that policy. And, critical to the dismissal of the Amended Complaint, Mr. Doyle has not alleged facts to support an inference that he has suffered a constitutional deprivation.

Because Mr. Doyle's Amended Complaint has not stated a viable claim, this action must be **dismissed for failure to state a claim** upon which relief may be granted.

### IV. Conclusion

Mr. Doyle's Amended Complaint has failed to cure the deficiencies of his first complaint. Accordingly, this action is **dismissed for failure to state a claim** upon which relief may be granted. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 12/21/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

PATRICK EVAN DAVID DOYLE
147360
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201